UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JIMMY R. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:20-CV-400-RLJ-DCP |
| | ) |
| GRAINGER COUNTY SHERIFF'S | ) |
| OFFICE, CHRIS HARVILLE, and | ) |
| GRAINGER COUNTY MEDICAL | ) |
| STAFF, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's amended complaint under 42 U.S.C. § 1983 [Doc. 6] and a motion for leave to proceed *in forma pauperis* [Doc. 5]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED** and Plaintiff shall have fifteen days from the date of entry of this order to file an amended complaint.

### I. FILING FEE

It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate of the Tennessee Department of Correction, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period

preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General of the State of Tennessee, and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings and hold them to a less

stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### III.  COMPLAINT ALLEGATIONS

In his complaint, Plaintiff states that in February 2019, he was taken to the Grainger County Justice Center from Knox County with a dislocated shoulder and torn rotator cuff [Doc. 6 p. 4]. A week before his arrival at the Grainger County Justice Center, Plaintiff had had x-rays taken at the University of Tennessee Emergency Room and was referred to an orthopedist, and all of these medical records were present when he arrived at the Grainger County Justice Center and saw the nurse [*Id.*]. However, Plaintiff was not taken to an orthopedist, and was not taken to see the jail medical doctor until one and a half months later, at which point the doctor stated that it was the first he had heard of Plaintiff's injuries, but that Plaintiff needed to be sent out as quickly as possible [*Id.*].

Plaintiff states that the nurse had told him that she had referred Plaintiff to the doctor several times, but also told him when she responded to his sick calls that "[he] should have thought about that before he got locked up" and could have gotten his injuries taken care of on his own, and all of this is documented on the kiosk [*Id.*]. Plaintiff states that he ultimately did have surgery that should have taken place weeks earlier, but that the Grainger County Sheriff's Office did not want to pay for it [*Id.*].

Plaintiff has sued the Grainger County Sheriff's Office, Jail Administrator Chris Harville, and the Grainger County Sheriff's Office Medical Department [Id. at 1, 3]. As relief, Plaintiff seeks justice and compensation [*Id.* at 6].

3

Case 3:20-cv-00400-RLJ-DCP   Document 8   Filed 09/28/20   Page 3 of 6   PageID #: 42

## IV. ANALYSIS

First, neither the Grainger County Medical Staff nor the Grainger County Sheriff's Office is a suable entity under §1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (concluding "that the defendant medical departments are not 'persons' under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity that may be sued under § 1983).

Also, Plaintiff does not set forth any facts from which the Court can plausibly infer that Defendant Jail Administrator Chris Harville was personally involved in any violation of his constitutional rights such that he may be liable for any of Plaintiff's claims. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior).

Moreover, while Plaintiff alleges that he was denied medical care because the Grainger County Sheriff's Office did not want to pay for his surgery, Plaintiff does not provide any facts to support this conclusory assertion. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (providing that formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief). Also, Plaintiff has not set forth any facts from which the Court could liberally construe his complaint to state a claim upon which relief may be granted under § 1983 against Grainger County. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

4

691 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation).

Nevertheless, the Court will allow Plaintiff fifteen (15) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) and/or entity(ies) responsible for each such violation that he seeks to sue as Defendants.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). If Plaintiff is unable to name an individual he seeks to hold responsible for a constitutional violation due to not knowing his or her name, he shall name the person as Jane or John Doe and a description of their position, for example "John Doe Police Officer" or "Jane Doe Medical Provider."

V.     CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motions for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2.  Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.  The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General for the State of Tennessee, and the Court's financial deputy;

5.  The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

6.  Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth above;

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint that were not set forth in her original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

5

7. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

8. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge