UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JIMMY R. BROWN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:20-CV-400-RLJ-DCP |
| GRAINGER COUNTY SHERIFF'S OFFICE, CHRIS HARVILLE, and GRAINGER COUNTY MEDICAL STAFF, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. On September 28, 2020, the Court entered an order providing Plaintiff fifteen days to file an amended complaint [Doc. 8]. Plaintiff has not complied with that order and the time for doing so has passed. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's previous order was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's order but chose not to comply or otherwise communicate with the Court. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as they have not yet been served. As to the third factor, the Court's previous order warned Plaintiff that failure to timely file an amended complaint would result in dismissal of this action [*Id.* at 6]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about plaintiff's pro se status prevented him from complying with the Court's order [*Id.*], and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge